Canal Bank of Albany *v.* Harris.

Judgment affirmed with costs.

[NEW YORK GENERAL TERM, April 9, 1855. *Mitchell, Roosevelt* and *Morris,* Justices.]

———————

THE CANAL BANK OF ALBANY *vs.* HARRIS.

THE SAME *vs.* THE SAME.

Under the 401st section of the code, no motion can be made in the first judicial district in an action in which the venue is laid in another district.

APPEAL from an order made at a special term, denying the defendant's motion to set aside executions.

*P. Cagger,* for the plaintiffs.

*D. Evans,* for the defendant.

*By the Court,* MORRIS, J. In both these cases judgments were entered in this court, in the county of Albany, in the third judicial district. Executions on said judgments have been issued to the city and county of New York, in the first judicial district, where the defendant resides. The defendant applies to

this court to set aside the executions, for irregularity, because they were issued after the expiration of five years since the entering of judgment, without first having obtained permission from the court.

The plaintiffs object to the court in this district entertaining the motion, and claim that § 401 of the code sustains them in the objection. The words relied upon are, "*and no motion can be made in the first district in an action triable elsewhere.*" The fair import of these words is, that no motion shall be made in the first district in a cause in which the venue is laid in another district.

The present is a motion in these two causes, and such motion can only be made in *the causes*. The title of the papers shows it is in these two causes, and the venue in each cause is not laid in the first district. The 401st section of the code applies. Therefore this court should not entertain the motion. The motion to vacate the executions must be made in the third judicial district.

Order of the special term modified.

[NEW YORK GENERAL TERM, April 9, 1855. *Mitchell, Roosevelt* and *Morris,* Justices.]